**CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| MARTIN GREENBLATT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. A. No. 07-2582 (SRC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| CRAIG E. DARVIN, | : | |
| | : | |
| Defendant. | : | |

**Chesler, U.S.D.J.**

      This matter comes before the Court on Plaintiff Martin Greenblatt's motion to reopen the case and for leave to file an Amended Complaint. [Docket item 5]. The Court dismissed the original Complaint for lack of subject matter jurisdiction, and Plaintiff now seeks to amend the Complaint to cure his jurisdictional deficiencies, pursuant to 28 U.S.C. § 1653.

      Plaintiff's proposed Amended Complaint reiterates the same allegations set forth in his initial Complaint and proposes only a few changes. First, Plaintiff amends Paragraph 11 to state "[t]he action arises out of defendant's conspiracy to commit fraud upon plaintiff in order to maintain a high judgment against plaintiff." Plaintiff also adds two paragraphs identifying, in relevant part, two federal causes of action not identified in the original Complaint: "(1) violation of 42 U.S.C. sec. 1983 (due process and equal protection clauses[);] (2) violation of 42 U.S.C. sec[.] 1985." Plaintiff contends the proposed federal claims provide this Court jurisdiction to hear the case. Plaintiff also seeks to amend the caption of his fourth cause of action from

"CONSPIRACY" to "CONSPIRACY 42 U.S.C. 1983 1985(3)." Plaintiff proposes no changes to the factual pleadings.

Although 28 U.S.C. § 1653 provides that complaints may be freely amended to perfect defective jurisdictional allegations, that is only so where the facts alleged support such jurisdiction. 28 U.S.C. § 1653. Stated another way, "the scope of § 1653 . . . allows . . . courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

Here, Plaintiff seeks to cure his jurisdictional defect by merely identifying his causes of action as arising under federal law. Although Plaintiff does identify two federal statutes – 28 U.S.C. § 1983 and 28 U.S.C. § 1985 (3) – which do provide federal jurisdiction pursuant to 28 U.S.C. § 1331, both require allegations of wrongdoing by a state actor or a person acting under the color of law. Plaintiff pled no such facts in his original Complaint. Plaintiff merely alleges that "on April 14, 1999 defendant appeared at the Sheriff's office in Somerville, New Jersey, with Joseph Sulovski who allegedly was an appraiser," and on that same day Defendant witnessed the transfer of property, which Plaintiff alleges belonged to his wife. (Complaint at ¶¶ 3, 7). Plaintiff also contends Defendant never provided the Sheriff with any credentials demonstrating that Sulovski was a certified appraiser, that Defendant "did not accompany" the appraiser when he went to the Sheriff's office on April 16, 1999, and again on April 21, 1999, and that Defendant failed to notify Plaintiff and his wife that Defendant did not accompany the appraiser on the latter two visits to the Sheriff's office. (Id. at ¶ 16,17, 37). Plaintiff sets forth no additional factual allegations in his proposed Amended Complaint.

Because Plaintiff has not plead any facts that would support the federal causes of action identified in the proposed Amended Complaint, the jurisdictional deficiency will not be cured,

and thus the Court cannot grant leave to amend the Complaint.  Therefore,

    **IT IS** on this 24th day of January 2008,

    **ORDERED** that Plaintiff's motion to reopen the case and for leave to amend the Complaint is **DENIED.**

                                                    s/ Stanley R. Chesler  
                                                   Stanley R. Chesler  
                                                   United States District Judge